# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. C-2270
Re: Authority of State Superintend-
ent of Public Instruction to
restrict patients' selection of
hospitals and physicians pro-
vided for under Article 2675j,
Vernon's Annotated Civil Stat-
utes, to those located in geo-
graphical subdivisions of the
state where patients reside.

This will acknowledge receipt of your letter dated
April 23, 1940, requesting the opinion of this department
upon the above stated question. Your request reads as fol-
lows;

"Section 3 of Senate Bill No. 247, Chapter
158, page 400, Acts of the Regular Session of the
43rd Legislature, 1933, as amended by House Bill
No. 502, reads in part: 'The Rehabilitation Divi-
sion of the State Department of Education is di-
rected to provide in Rules and Regulations, the
necessary details for the conduct of this work, in
accordance with the purposes of this Act, which
shall permit as far as possible, the free choice of
patients in their selection of physicians and hos-
pitals, . . .'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"I respectfully request your opinion upon the following question: Do I have the authority, under the terms of the Statute as cited in the preceding paragraph, to restrict patients in their selection of hospitals and doctors to the hospitals and doctors found within certain geographical subdivisions of the State wherein the patients reside, the boundaries of the subdivisions to be defined by me?"

Section 3 of Article 2675j, Vernon's Annotated Civil Statutes, as amended Acts 1935, 44th Legislature, p. 328, Chapter 121, sec. 1; Acts 1937, 45th Legislature, p. 411, Chapter 207, sec. 1, provides:

"The Rehabilitation Division of the State Department of Education is empowered to take census, make surveys, and establish permanent records of crippled children; to cooperate with the Department of Education in providing special equipment and instruction in the education of crippled children, to procure medical and surgical service for crippled children; provided that only physicians legally qualified to practice medicine and surgery in Texas be employed for purposes of diagnosis and treatment; provided further, however, that for crippled children having defects of the oral cavity, legally qualified dentists may be employed for purposes of diagnosis and treatment; that not more than the customary minimum fees be paid for such services, and that physicians, dentists, or surgeons so employed shall be approved by the State Board of Health, as qualified to render such service; to select and designate hospitals for the care of crippled children contemplated by this Act providing that such hospital must be approved by the State Board of Control, and to take such other steps as may be necessary in order to accomplish the purposes of this Act.

"At the discretion of the State Department of Education, transportation, appliances, braces, and material necessary in the proper handling of crippled children may be in part or entirely provided.

"<u>The Rehabilitation Division of the State Department of Education is directed to provide in Rules and Regulations the necessary details for the conduct of</u>

> this work, in accordance with the purposes of
> this Act, which shall permit as far as possible,
> the free choice of patients in their selection
> of physicians and hospitals, and shall arrange
> with hospitals, brace departments, and other ser-
> vices providing for crippled children's work, com-
> pensation for such services, provided that such
> fees or charges shall not exceed the average min-
> imum charges for the same services rendered to
> average ward patients in the hospitals approved
> for purpose of this Act, such Rules and Regula-
> tions shall be approved by the State Department
> of Education." (Underscoring ours).

The Rehabilitation Division of the State Department of Education is expressly directed to provide rules and regulations for the conduct of the work of procuring medical and surgical service and hospital attention for needy crippled children, and we believe it lies within the sound administrative discretion of that division to restrict patients in the selection of hospitals, physicians and surgeons to those within certain geographical subdivisions of the state where the patients reside.

While it is true the Legislature provided that insofar as possible, the regulations of the Rehabilitation Division should permit "the free choice of patients in their selection of physicians and hospitals," we do not believe the Legislature intended in granting this beneficence to allow a patient in one far-flung section of the state to insist upon a physician or hospital in another widely separated section. It only intended that insofar as possible in keeping with a business-like administration of the Act, the patient be permitted a free choice in the selection of physicians and hospitals. We believe this choice may well be exercised within the geographical subdivisions of the state in which the patient resides.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     /s/
       Walter R. Koch
         Assistant

By     /s/
      James D. Smullen

APPROVED MAY 11, 1940

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
    Approved
    Opinion Committee
    By. R.W.F., Chm.
JDS:BBB